UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JOHNSON** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | MISC. ACTION NO. H-10-0341 |
| | § | |
| **HANKOOK TIRE MFG. CO. ET AL** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendants Hankook Tire Mfg. Co. and Hankook Tire America Corp.'s ("Hankook") Motion to Quash Subpoena and Motion for a Protective Order. The subpoena was issued in this district and served upon third-party Wesley T. Ball by Plaintiff Veronica Johnson in relation to a case pending in the Northern District of Mississippi, *Johnson et al v. Ford Motor Co. et al*, Civil Action No2:09cv113-M-S. The subpoena commands Ball to produce and permit the copying of any videotapes in his possession depicting an inspection of the Hankook Daejun fire plant located in Daejun, Korea. (Doc. No. 1-1).

Hankook argues that the subpoena should be quashed under Fed. R. Civ. P. 45(c)(1) because Ball does not have legal possession, custody, or control over the subpoenaed videotape and it is not relevant to any fact in issue in the underlying action. (Defs.' Mot. to Quash, Doc. No. 1). Hankook provides evidence that the tape is subject to a confidentiality agreement entered into between Ball and Hankook, and that Ball was obligated under the agreement to return or destroy it. Johnson, as the party seeking

1

production bears the burden of proving that Ball has legal custody or control of the videotape. *See Goh v. Baldor Electric Co.*, 1999 WL 20943, at *2 (N.D. Tex. Jan. 13, 1999). Johnson, however, has not filed a response to Hankook's Motion to Quash, and so has not even attempted to show Ball's legal custody or control over the subpoenaed videotape or its relevance to the underlying action.

Therefore, the Motion to Quash is hereby GRANTED, without prejudice to the issuance of another subpoena by Johnson.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 21st day of September, 2010.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

2